CHI FENG ZHENG, Petitioner,

v.

**BUREAU OF CITIZENSHIP AND IMMIGRATION SERVICES,** Respondent.

No. 06–2557–ag.

United States Court of Appeals, Second Circuit.

Feb. 7, 2007.

Theodore N. Cox, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gordon Latour, Assistant Director, Surell Brady, Trial Attorney, Office of Immigration Litigation, Civil Division, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROSEMARY S. POOLER, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Chi Feng Zheng, a native and citizen of China, seeks review of a May 5, 2006 order of the BIA affirming immigration judge ("IJ") Noel Ferris' December 16, 2004 decision denying Zheng's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"), and denying Zheng's motion to remand. *In re Chi Feng Zheng*, No. A77 776 954 (B.I.A. May 5, 2006), *aff'g* A77 776 954 (Immig. Ct. N.Y. City Dec. 16, 2004).

We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yu Yin Yang v. Gonzales,* 431 F.3d 84, 85 (2d Cir.2005); *Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005).

## A. Agency's Denial of Zheng's Claims for Asylum, Withholding of Removal, and CAT

■ This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004); *see also Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338–39, 2006 U.S.App. LEXIS 30106 at *53–56 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

First, the IJ reasonably relied on Zheng's demeanor in reaching his negative credibility determination, noting Zheng's failure to respond to various questions, noticeable nervousness, and profuse sweating. As a fact-finder who assesses testimony together with demeanor is in the best position to discern whether the witness is truthful, the IJ's assessment of Zheng's demeanor was a proper basis for the adverse credibility finding. *Zhou Yun Zhang,* 386 F.3d at 73.

The IJ was also reasonable in relying on Zheng's inconsistent testimony regarding his level of involvement in disseminating the illegal video tape, his alleged arrest, and his fear of returning to China in reaching her adverse credibility determination, because his involvement, arrest, and resulting fear constitute the central elements of his claim for relief. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308–09 (2d Cir.2003). We do not find that a reasonable adjudicator would have been compelled to accept Zheng's explanations regarding nervousness and inability to remember clearly. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). Additionally, while inconsistencies regarding details such as whether he submitted an original or a copy of his identification card, when that card was issued, when his household register was issued, and where he was employed at the time of the alleged events do not necessarily concern central elements of Zheng's claim of persecution, the IJ was reasonable in finding that the cumulative effect of such discrepancies was to undermine his credibility. *Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir. 2006) (internal citations omitted).

Additionally, the IJ was reasonable in determining it implausible that Zheng had left China illegally if he had used his own valid passport to board the plane. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 146 (2d Cir.2006). While the IJ cannot state with certainty how the Chinese government would behave with regard to issuing an identity document, it does not stretch the limits of reason to assume that it would not issue a national identity card to the mother of someone it sought to arrest and punish. *See id.* at 145.

Finally, the IJ was reasonable in relying on Zheng's failure to corroborate his claims with testimony or written evidence from family members living in the United States, as there is no evidence that the requisite corroborative documents would have been unavailable to him, *see Li Zu Guan v. INS*, 453 F.3d 129, 141 (2d Cir. 2006) and as the lack of corroboration was combined with material inconsistencies and discrepancies in his testimony and other evidence, *see Xiao Ji Chen*, 471 F.3d at 342, 2006 LEXIS 30106 at *66.

The agency's adverse credibility determination is thus supported by substantial evidence in the record, and its denial of asylum was therefore appropriate. Because the only evidence of a threat to Zheng's life or freedom depended upon his credibility, the adverse credibility determination in this case necessarily precludes success on his claim for withholding of removal. *See Wu Biao Chen v. INS*, 344 F.3d 272, 275 (2d Cir.2003). Additionally, to the extent that Zheng's CAT claim was predicated on the same facts as his claims for asylum and withholding of removal, the adverse credibility determination also precludes success on the CAT claim. *See Xue Hong Yang v. United States Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005). To the extent that Zheng's CAT claim was predicated on his illegal departure from China, his failure to address this aspect of the claim in his brief to this Court renders such challenge waived. *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 545 n. 7 (2d Cir.2005).

## B. BIA's Denial of Zheng's Motion to Remand

■ A BIA denial of a motion to remand is reviewed for abuse of discretion. *Li Yong Cao v. Dep't of Justice*, 421 F.3d 149, 151 (2d Cir.2005). An abuse of discretion may be found where the BIA's de-

cision "provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Kaur v. BIA*, 413 F.3d 232, 233–34 (2d Cir.2005) (per curiam); *Ke Zhen Zhao v. DOJ*, 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In conjunction with his appeal to the BIA, Zheng made a motion to remand based on his recent marriage to a Chinese national. He claimed that "based on is desire and belief of reproduction self-determination and to have a family size of his choice of more than one child, [he] now fears coercive birth control persecution upon his return to China." The BIA determined that Zheng's marriage, without more, did not establish *prima facie* eligibility for relief based on coercive family planning policies. In his brief to this Court, Zheng argues that the BIA abused its discretion by failing to address "the fact that his testimony and corroborating documents supported a prima facie asylum claim" based on well-founded fear of persecution on account of his illegal dissemination of anti-government materials. Because Zheng failed to discuss the grounds on which the motion to remand was made and denied, he has waived any challenge to the BIA's denial of that motion. *See Yueqing Zhang*, 426 F.3d at 541 n. 1, 545 n. 7.

## C. Unfair Hearing

■ Zheng argues in his brief to this Court that the IJ conducted the hearing in an unfair manner which prevented him from fully presenting his claims. Under 8 U.S.C. § 1252(d)(1), a court can only review a final order of removal if the alien has exhausted all administrative remedies available to the alien. *See Foster v. INS,*

376 F.3d 75, 77–78 (2d Cir.2004). In *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005), this Court held that 8 U.S.C. § 1252(d)(1) bars "the consideration of bases for relief that were not raised below, and of general issues that were not raised below, but not of specific, subsidiary legal arguments, or arguments by extension, that were not made below." Because Zheng failed to raise his unfair hearing claim before the BIA, he is precluded from raising it here. 8 U.S.C. § 1252(d)(1); *see also United States v. Gonzalez–Roque*, 301 F.3d 39, 48 (2d Cir. 2002) (holding that while the BIA does not have jurisdiction to adjudicate constitutional issues such as due process, the factual basis for such claims must be presented to the BIA in order that it have the opportunity to reopen proceedings and allow the applicant to submit additional evidence to correct any errors).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).